IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERRICK GIBSON,  )
    Petitioner,  ) Civil Action No. 17-188 Erie
      )
v.  )
      ) Magistrate Judge Susan Paradise Baxter
      )
MICHAEL OVERMYER, et al.,  )
    Respondents.  )

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Derrick Gibson (the "Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 3). He challenges the June 26, 2017, decision made by the Pennsylvania Board of Probation and Parole (the "Board") to deny him parole. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

**I.**

**A.** **Relevant Background**

In April 2010, the Petitioner appeared before the Court of Common Pleas of Philadelphia County and pleaded guilty to attempted murder in the first degree and possession of an instrument of a crime. The state trial court sentenced him to an aggregate term of 10 to 20 years of imprisonment. His minimum sentence date was August 1, 2017, and his maximum sentence date is August 1, 2027.

By a decision dated June 26, 2017, the Board denied the Petitioner parole. It explained:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, [the Board] in the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:

Your need to participate in and complete additional institutional programs.

Your risk and needs assessment indicating your level of risk to the community.

The negative recommendation made by the Department of Corrections.

Reports, evaluations and assessments/level of risk indicates your risk to the community.

Your failure to demonstrate motivation for success.

Your minimization/denial of the nature and circumstances of the offense(s) committed.

Your refusal to accept responsibility for the offense(s) committed.

Your lack of remorse for the offense(s) committed.

The negative recommendation made by the prosecuting attorney.

(ECF No. 11-2 at 2-3). The Board also advised the Petitioner that at his next review for parole it would consider:

Whether you have successfully participated in/successfully completed a treatment program for substance abuse and violence prevention.

Whether you have received a favorable recommendation for parole from the Department of Corrections.

Whether you have received a clear conduct record.

Whether you have completed the Department of Corrections prescriptive program(s).

(Id.)

In this federal habeas case, the Petitioner challenges the Board's decision to deny him parole. This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, which provides that habeas relief is only available on the grounds that the Petitioner is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Petitioner claims that the Board violated the Due Process Clause and his rights under the First, Fifth, and Eighth Amendment.

2

The Respondents have filed their answer (ECF No. 11), in which they contend that the Petitioner's claims have no merit. The Petitioner filed a reply (ECF No. 14) and a motion for an evidentiary hearing (ECF No. 15).

**B.     Discussion**

   **(1)     The Exhaustion Requirement**

The federal habeas statute typically "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held in 2005 that aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. See also Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims…. [T]o the extent there has been any shift in Pennsylvania law, we cannot comfortable say that it is clear enough to alter our decision in DeFoy.") Therefore, the Petitioner may be exempt from the exhaustion requirement with respect to all of his claims. However, because a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits[,]" and since the Petitioner's claims plainly have no merit, this Court "need not address the issue of exhaustion" with respect to his claims. Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

3

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."))._2_

### (2) The Petitioner's Claims Have No Merit

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). The Petitioner cannot meet either criteria because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 322-23 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Thus, absent the creation of a liberty interest in parole, the Board's decision to deny parole does not create any procedural due process protections.

---

2   The Respondents note that the Board routinely defends challenges to parole refusals filed by Pennsylvania inmates in the Commonwealth Court of Pennsylvania for claims other than *ex post facto* claims. Because Defoy is controlling Third Circuit precedent, the Respondents explain, they will not challenge that holding in this Court. However, they preserve the issue of exhaustion in the event that there is appellate review and state that the Petitioner's claims should be dismissed because he did not present them to the Pennsylvania state courts before filing his federal habeas petition.

To prevail on a substantive due process challenge to the Board's decision, the Petitioner must establish that the decision shocks the conscience. See, e.g., Newman, 617 F.3d at 782. Evans v. Secretary, Pa. Dept. of Corrections, 645 F.3d 650, 659 (3d Cir. 2011). A substantive due process claim is not easily mounted. The Court of Appeals for the Third Circuit has stressed that "[c]onduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Id. (internal quotations and citations omitted). See also Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

The Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in June 26, 2017, decision, the Board denied the Petitioner parole after an interview and a review of his file. The Board listed numerous reasons for why it denied parole and although the Petitioner disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

The Petitioner alleges that the Board violated his First Amendment rights by retaliating against him by denying him parole because he filed complaints against Department of Corrections officials. To prevail on a retaliation claim, the Petitioner must show that he engaged in constitutionally-protected activity and that he suffered, at the hands of the Board, adverse action. See, e.g., Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (citing, *inter alia*, Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). Once these two threshold criteria are met, the Petitioner must then show that the protected activity was

5

"a substantial or motivating factor" in the Board's decision to deny him parole.³ Id. (quoting Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)). As the Respondents point out, the Petitioner makes only bald assertions in support of his retaliation claim and he did not address, let alone establish, how any constitutionally-protected activity that he engaged in was a "substantial or motivating factor" in the Board's decision to denying him parole. It is the Petitioner's burden to demonstrate that his constitutional rights have been violated, see, e.g., Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Vickers v. Superintendent Graterford SCI, 858 F.3d 841, 848-49 (3d Cir. 2017), and he did not meet his burden here.

The Petitioner's Eighth Amendment claim also has no merit. He has no right to be released before the expiration of his valid prison sentence on August 1, 2027, Greenholtz, 442 U.S. at 7, and the Board's decision to deny him release to parole does not constitute cruel and unusual punishment. See Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment *beyond* one's term constitutes punishment within the meaning of the Eighth Amendment).

In the Petitioner's final claim, it appears that he is alleging that the Board violated his Fifth Amendment right against self-incrimination because one of the reasons that it denied him parole was that he refused "to accept responsibility for the offense(s) committed[.]" (ECF No. 11-2 at 2). There is no merit to this claim. "Though a prisoner already may have been convicted and imprisoned for an offense, the Fifth Amendment still applies to ensure that the individual not be compelled to bear witness against himself or divulge information that might incriminate him in future criminal proceedings." Roman, 675 F.3d at 210 (citing Minnesota v. Murphy, 465 U.S. 420, 426 (1984)). "An individual trying to make out a Fifth Amendment claim must demonstrate two key elements: compulsion and use." Id.

---

³ If the Petitioner had established a prima facie case, which he did not, the burden would then have shifted to the Respondents to prove by a preponderance of the evidence that Board would have taken the same action even in the absence of the protected activity. Rauser, 241 F.3d at 233 (citing Mount Healthy, 429 U.S. at 287).

Here, the Petitioner has not demonstrated how his Fifth Amendment rights are implicated by the Board's consideration, in addition to numerous other factors, of whether he has accepted sufficient responsibility for the offenses that he admitted under oath he committed when he pleaded guilty.

Finally, the Petitioner's motion for an evidentiary hearing is denied. In cases where the petitioner is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2) or Cullen v. Pinholster, 563 U.S. 170 (2011), the decision to grant a hearing rests in the discretion of the court. Palmer v. Hendricks, 592 F.3d 386, 393 (3d Cir. 2010). See also Lee v. Glunt, 667 F.3d 397, 406 (3d Cir. 2012). Importantly, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987)). There is no basis for the court to grant the Petitioner's request for an evidentiary hearing and his motion for one is denied.

## C.     **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of the Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is denied, his motion for an evidentiary hearing is denied, and a certificate of appealability is denied on all claims.

An appropriate Order is attached.

Dated: February 14, 2018

<u>/s/ Susan Paradise Baxter</u>  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERRICK GIBSON,  )
    Petitioner,  )    Civil Action No. 17-188 Erie
  )
v.  )
  )    Magistrate Judge Susan Paradise Baxter
  )
MICHAEL OVERMYER, et al.,  )
    Respondents.  )

## **ORDER**

AND NOW, this 14th day of February, 2018, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED on all claims. It is further ORDERED that the Petitioner's motion for an evidentiary hearing (ECF No. 15) is DENIED.

The Clerk of Court shall mark this case CLOSED.


                              /s/ Susan Paradise Baxter
                              SUSAN PARADISE BAXTER
                              United States Magistrate Judge